CRAMPTON v. NEWTON'S ESTATE.

1. EVIDENCE—ADMISSIONS—PROMISSORY NOTES.
    The uncontradicted testimony of a witness that defendant's testatrix told her that she had purchased notes of claimant, and given her own notes in payment, is sufficient to establish such fact.

2. SAME—MARRIED WOMEN—CONTRACTS.
    The undisputed testimony that a married woman received money to the full amount of notes given for it establishes the fact that the contract was one a married woman has power to make.

3. CONTRACTS OF MARRIED WOMEN—PURCHASE OF PROPERTY.
    Promissory notes given by a married woman in payment of the purchase price of notes, though the maker of the latter notes was insolvent, being given for the purchase of property, relate to her separate estate, and are valid.

4. EVIDENCE—CLAIMS AGAINST ESTATES—LEGACY.
    The fact that testatrix left a legacy to her mother is inadmissible to show that the deceased had not purchased notes given by the mother.

5. SAME—MARRIED WOMEN—NOTES—CONSIDERATION—QUESTION FOR JURY.
    Where the uncontradicted testimony shows that a deceased person (a married woman) gave her notes in payment for notes purchased of claimant, the question of a valid consideration for her notes need not be submitted to the jury.

Error to Genesee; Wisner, J. Submitted October 9, 1902. (Docket No. 28.) Decided January 27, 1903.

Lavina C. Crampton presented a claim against the estate of Grace H. Newton, deceased, based on certain promissory notes. Claimant prevailed before the commissioners and in the circuit court, and William Newton, administrator with the will annexed, brings error. Affirmed.

*William Newton, Black & Roberts*, and *George R. Gold* (*Gilbert R. Lyon*, of counsel), for appellant.

*Brennan & Cook* (*John J. Carton*, of counsel), for appellee.

HOOKER, C. J. William Newton, administrator, has appealed from the allowance of a claim against the estate of his deceased wife, Grace H. Newton, of whom he and their infant son were the only heirs. The claim consisted of two promissory notes bearing the signature of Grace H. Newton, produced by the claimant, a maternal aunt of the deceased. The validity of the consideration for these notes was questioned, it being claimed that they were void, for the reason that they were given by a married woman without authority of law.

The claimant's attorney called a sister of the deceased, one Jessie Hughes, who testified that Mrs. Frances Hughes, the mother of herself and deceased, executed and delivered to the claimant and her husband, respectively, three promissory notes for money which she borrowed from the claimant. One was dated March 8, 1892, for $328.28, and one for $397.51, dated February 1, 1892, and another for $100, dated December 14, 1887. Grace Hughes married William Newton on December 27, 1892, in accordance with an ante-nuptial contract, whereby he promised to pay her $10,000 at his death if she were then his wife. Jessie Hughes testified further that, after the marriage of Grace, she was told by her that she had purchased from the claimant the aforesaid notes of her mother,

and had given her own note or notes for them.   It was also shown that the Frances Hughes notes were in her possession, and they were found among her papers after her death.   The claimant also testified that she loaned money to Frances Hughes, and that she took her notes, before mentioned, therefor.   There is evidence tending to show that Grace Newton was an infant at the time her notes were dated, and that was the only question left to the jury.   A verdict being found for the claimant, the administrator appealed.

The following errors are assigned as a reason for reversing the order of the circuit court:

1. That there was no evidence that Grace purchased the notes given by her mother.

2. That it does not appear that those notes were valid, for the reason that Frances was a married woman, and it is not shown that she gave them for a lawful consideration, and, if not valid, the notes given by Grace were without consideration.

3. That Grace Newton's notes are not shown to have been given for a lawful consideration, her mother's notes being worthless, and it not appearing that she had any separate estate at that time.

4. That the court should have permitted the introduction of Grace Newton's will, wherein she provided for a legacy of $2,000 to her mother, Frances Hughes.

5. That the court should have permitted the jury to find that no valid consideration was given to Grace Newton for her notes.

The undisputed admission of Grace, that she had purchased the notes of Frances Hughes, established that fact, and justified the judge in so stating to the jury.

The same may be said as to the consideration for the notes of Frances Hughes, it being undisputed that she received the full amount of their face for them from her sister, the claimant.   Mrs. Crampton was competent to testify to this, as it does not appear that Grace was present.   Even if she were shown to have been present, the testimony of Jessie Hughes establishes the fact, and it is uncontradicted.

It is settled that the purchase of property is a valid consideration for a married woman's note. A promissory note is property. The fact that the maker may be irresponsible does not change the rule that one buying a note buys property.

The offer of the will to show that Grace had not bought her mother's notes was properly refused. We do not see that the fact that she left her a legacy of $2,000 throws any light upon the subject.

We have already shown that, in view of the uncontradicted testimony that Grace said she bought her mother's notes, giving her notes therefor, the jury should not have been permitted to find that she received no consideration for her notes.

The order of the circuit court is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.